# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEWIS VAUGHN,              )<br>                              )<br>       Petitioner,            )<br>                              )<br>   v.                         )<br>                              )<br>WARDEN G.J. GIURBINO,         )<br>                              )<br>       Respondent.            )<br>                              ) | 1:06-CV-01019 LJO JMD HC<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION [Doc. # 26] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Magistrate Judge issued a Findings and Recommendation on November 25, 2008, recommending that the petition for writ of habeas corpus be denied with prejudice. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. In order to have been timely, Petitioner's objections were required to have been filed with the court on December 29, 2008. The Court issued an order adopting the findings on January 13, 2009. Petitioner's objections, dated December 31, 2008, were filed with the court on January 14, 2009.

Petitioner subsequently filed a motion for reconsideration on February 5, 2009. Motions for reconsideration should not be granted lightly because it is not a substitute for an appeal or an avenue in which to attack some perceived error of the court. Rather, "'the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Palute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)). When the challenged ruling is a final order or judgment, the

1  proper motion for reconsideration should be brought under Rule 59(e) (motion to alter or amend
2  judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.
3  *See* Am. Ironworks & Erectors v. N. Am. Cosntr. Corp., 248 F.3d 892, 898-899 (9th Cir. 2001).

4  A motion for reconsideration is not the place to ask the Court to reconsider an argument
5  already rejected by the Court.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).
6  "'A party seeking reconsideration must show more than a disagreement with the Court's decision,
7  and recapitulation of the cases and arguments considered by the court before rendering its original
8  decision fails to carry the moving party's burden.'"  U.S. v. Westlands Water Dist., 134 F.Supp.2d
9  1111, 1131 (E.D. Cal. 2001) (citations omitted).

10  Petitioner's motion for reconsideration must be denied.  After reviewing Petitioner's
11  objections, the Court notes that Petitioner's untimely objections raised the same arguments and
12  evidence as those presented in the petition for writ of habeas corpus.  Thus, Petitioner has not alleged
13  new or different grounds which would alter the judgment entered on January 13, 2009 and therefore
14  Petitioner has failed to present a basis for reconsideration.  Accordingly, Petitioner's motion for
15  reconsideration is DENIED.

17  IT IS SO ORDERED.
18  **Dated:    February 13, 2009**              **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE